IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION<br><br>Plaintiffs,<br><br>v.<br><br>PBS COALS, INC.; CRONER, INC.; ELK LICK ENERGY, INC.; QUECREEK MINING, INC.; and ROXCOAL, INC.;<br><br>Defendants. | Civil Action No. 3:16-cv-91<br><br>COMPLAINT |

The United States of America ("United States"), by authority of the Attorney General of the United States and on behalf of the United States Environmental Protection Agency ("EPA"), and the Pennsylvania Department of Environmental Protection ("Department") (collectively, "Plaintiffs"), file this Complaint and allege as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to Section 309(b) and (d) of the Federal Water Pollution Control Act ("Clean Water Act"), 33 U.S.C. §§ 1319(b) and (d), and Sections 601 and 605 of the Pennsylvania Clean Streams Law ("The Clean Streams Law"), 35 P.S. §§ 691.601 and 691.605. Plaintiffs allege that Defendants have violated the conditions and limitations of National Pollutant Discharge Elimination System ("NPDES") permits issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, and Sections 307 and 315 of The Clean Streams Law, 35 P.S. §§ 691.307 and 691.315.

2. Plaintiffs seek permanent injunctive relief and civil penalties against Defendants to address their illegal discharges of pollutants pursuant to Sections 309(b) and (d) of the Clean

1

Water Act, 33 U.S.C. §§ 1319(b) and (d), and Sections 601 and 605 of The Clean Streams Law, 35 P.S. §§ 691.601 and 691.605.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action under Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and under 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

4.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), as well as Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), because it is the judicial district in which Defendants are doing business and in which the majority of the violations alleged in the Complaint occurred.

5.     Notice of commencement of this action has been given to Pennsylvania in accordance with Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b).

## DEFENDANTS

6.     PBS Coals, Inc. is a Delaware corporation with an office address of 1576 Stoystown Road, P.O. Box 260, Friedens, PA 15541.

7.     Croner, Inc. is a Pennsylvania corporation with an office address of 204 Broadway, Berlin, PA 15530.

8.     Elk Lick Energy, Inc. is a Pennsylvania corporation with an office address of 146 W Main Street, Somerset, PA 15501.

9.     Quecreek Mining, Inc. is a Pennsylvania corporation with an office address of 1576 Stoystown Road, P.O. Box 260, Friedens, PA 15541.

10.    RoxCoal, Inc. is a Pennsylvania corporation with an office address of RT 281

North Airport Road, Box 149, Friedens, PA 15541.

## STATUTORY AND REGULATORY REQUIREMENTS

### Clean Water Act

11.     Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" to waters of the United States, except, *inter alia*, in compliance with an NPDES permit issued by EPA or an authorized state pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342.

12.     Section 402 of the Clean Water Act, 33 U.S.C. § 1342, provides that the permit-issuing authority may issue an NPDES permit that authorizes the discharge of a pollutant to waters of the United States, upon the condition that such discharge will meet all applicable requirements of the Clean Water Act and such other conditions as the permitting authority determines necessary to carry out the provisions of the Clean Water Act.

13.     Section 402(a)(2) of the Clean Water Act directs the Administrator to prescribe conditions and limitations, including effluent limitations, for NPDES permits to assure compliance with the requirements of the Clean Water Act. 33 U.S.C. § 1342(a)(2); *see also* 33 U.S.C. § 1311. Effluent limitations, as defined in Section 502(11) of the Clean Water Act, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents which are discharged from point sources.

14.     Section 301(b) of the Clean Water Act, 33 U.S.C. § 1311(b), directs the Administrator to set effluent limitations for categories and classes of point sources based on the best practicable control technology or the best available technology economically achievable for such category or class. In 1985, EPA set effluent limitations guidelines ("ELGs") for discharges

from coal mining point sources. *See* 40 C.F.R. Part 434; 50 Fed. Reg. 41296-01 (Oct. 9, 1985). The ELGs prescribe "maximum for any 1 day" and "average of daily values for 30 consecutive days" numeric effluent limits for, *inter alia*, iron, total suspended solids, pH, and manganese. Discharges with a pH above or below the range set forth in the applicable ELGs (generally within the range of 6.0 to 9.0 at all times) are violations of the daily maximum or daily minimum limits in Defendants' NPDES permits.

15. Section 303(a) of the Clean Water Act, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water. When technology-based ELGs are insufficient to keep receiving waters within those standards and criteria, the NPDES permit must include stricter water quality based effluent limits that reflect water quality standards and criteria. 33 U.S.C. § 1311(b)(1)(C); *see also* 25 Pa. Code Chapter 93 (Pennsylvania water quality standards).

16. Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Section 301 of the Clean Water Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342.

17. Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the Clean Water Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in a permit issued pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, shall be subject to a civil penalty payable to the United States of up to $25,000

per day for each violation.

18.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, 69 Fed. Reg. 7121 (February 13, 2004), 74 Fed. Reg. 626 (January 7, 2009), and 40 C.F.R. § 19, EPA may seek civil penalties of up to $32,500 per day for each violation occurring between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation occurring after January 12, 2009.

### Pennsylvania Clean Streams Law

19.     At all relevant times, the Commonwealth of Pennsylvania has been authorized by EPA pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342, to administer an NPDES program for regulating the discharges of pollutants to navigable waters within the jurisdiction of the Commonwealth.  Pursuant to 25 Pa. Code Chapter 92a, the Department is the agency that administers the NPDES permit program in Pennsylvania.

20.     Sections 301 and 307 of The Clean Streams Law, 35 P.S. §§ 691.301 and 691.307, prohibit the discharge of industrial waste by any person into waters of the Commonwealth of Pennsylvania, unless authorized by regulation or a permit from the Department.  The Defendants' discharge of industrial waste into waters of the Commonwealth is authorized under certain terms and conditions by their NPDES permits, which are the permits required by Sections 301 and 307 of The Clean Streams Law, 25 Pa. Code § 92a.9.

21.     Section 315 of The Clean Streams Law, 35 P.S. § 691.315, prohibits any discharge by any person from a mine into waters of the Commonwealth, unless the discharge is authorized by regulation or a permit from the Department.

5

22.   Section 601 of The Clean Streams Law, 35 P.S. § 691.601, authorizes the Department to commence a civil action for injunctive relief to compel compliance with and enjoin violations of any provision of The Clean Streams Law or any term or condition of an NPDES permit issued under The Clean Streams Law. Section 605 of The Clean Streams Law, 35 P.S. § 691.605, also provides that any person who violates any provision of an NPDES permit issued pursuant to The Clean Streams Law or its implementing regulations is subject to a civil penalty of up to $10,000 per day for each violation.

## GENERAL ALLEGATIONS

23.   Defendants named herein are "persons" within the meaning of Section 502(5) of the Clean Water Act, 33 U.S.C. § 1362(5), and Section 1 of The Clean Streams Law, 35 P.S. § 691.1.

24.   Defendants own and/or operate the coal mining, processing, and shipping operations at multiple surface and underground mines located in Somerset, Indiana, and Cambria Counties, Pennsylvania. *See* Appendix A.

25.   Defendants each obtained NPDES permits from the Department to discharge pollutants from their respective mining operations into nearby receiving streams. The NPDES permits contain effluent limitations prohibiting discharges of specified pollutants in excess of numeric monthly average, daily maximum, daily minimum, and/or instantaneous maximum limits. These limitations reflect ELGs and stricter water quality based effluent limits.

26.   At all relevant times, Defendant PBS Coals, Inc. also managed, directed, and controlled environmental compliance at the mining operations permitted to Defendants Croner, Inc., Elk Lick Energy, Inc., Quecreek Mining, Inc., and RoxCoal, Inc. (collectively, the

"Affiliates"). PBS Coal, Inc.'s involvement in the Affiliates' operations includes corresponding with consultants and otherwise directing water treatment approaches at the mining operations permitted to the Affiliates, conducting environmental audits of the Affiliates' mining operations, and communicating directly with state and federal regulators regarding environmental compliance issues at the Affiliates' mining operations. As a result, PBS Coals, Inc. is also liable for Clean Water Act violations at the facilities owned and/or operated by the Affiliates.

27.   As a result of the coal mining and processing operations owned and/or operated by Defendants, Defendants generate coal slurry, wastewater, and other excess materials that are, or contain, various "pollutants" as that term is defined in Section 502(6) of the Clean Water Act, 33 U.S.C. § 1362(6), 40 C.F.R. § 122.2, and 25 Pa. Code § 92a.2. These pollutants include aluminum, iron, manganese, total suspended solids, settleable solids, and discharges with low or high pH levels or acidity levels that exceed alkalinity levels. *See* Appendix A.

28.   At all relevant times, Defendants have discharged pollutants from various impoundments and settlement ponds, outfalls, and other conveyances to streams and rivers.

29.   The receiving waters into which Defendants have discharged pollutants are identified by NPDES permit number and outfall location in Appendices A and B to this Complaint.

### CLAIM FOR RELIEF

30.   Paragraphs 1-29 are realleged and incorporated by reference.

31.   During the period relevant to this Complaint, Defendants have discharged and likely will continue to discharge pollutants from point sources in excess of effluent limitations contained in their NPDES permits.

32.     Defendant Croner, Inc. has exceeded effluent limitations contained in its NPDES permits at least 81 times for daily effluent limitations, at least 3 times for instantaneous maximum limits, and at least 5 times for monthly effluent limitations. *See* Appendix A.

33.     Defendant Elk Lick Energy, Inc. has exceeded effluent limitations contained in its NPDES permits at least 6 times for daily effluent limitations, at least 7 times for instantaneous maximum limitations, and at least 11 times for monthly effluent limitations. *See* Appendix A.

34.     Defendant Quecreek Mining, Inc. has exceeded effluent limitations contained in its NPDES permits at least 37 times for daily effluent limitations, at least 17 times for instantaneous maximum limitations, and at least 17 times for monthly effluent limitations. *See* Appendix A.

35.     Defendant RoxCoal, Inc. has exceeded effluent limitations contained in its NPDES permits at least 294 times for daily effluent limitations, at least 51 times for instantaneous maximum limitations, and at least 147 times for monthly effluent limitations. *See* Appendix A.

36.     Defendant PBS Coals, Inc. has exceeded effluent limitations contained in its NPDES permits at least 1308 times for daily effluent limitations, at least 305 times for instantaneous maximum limitations, and at least 359 times for monthly effluent limitations. *See* Appendix A.

37.     Defendant PBS Coals, Inc. also exceeded effluent limitations in NPDES permits held by Finzel Coal at operations for which PBS Coals, Inc. was the contract operator (the "Finzel Coal Operations"). PBS Coals, Inc. exceeded effluent limitations at least 182 times for daily effluent limitations and at least 19 times for monthly effluent limitations contained in

NPDES permits for the Finzel Coal Operations. *See* Appendix A.

38. For each exceedance of an effluent limitation, Defendants are in violation of the conditions and limitations of the applicable NPDES permit under Section 402 of the Clean Water Act, 42 U.S.C. § 1342.

39. In addition, Defendants' discharges of pollutants in excess of effluent limitations contained in the applicable NPDES permits constitute violations of 35 P.S. §§ 691.307 and 691.315.

40. Defendant PBS Coals, Inc. is also liable under Section 309(b) and (d) of the Clean Water Act, 33 U.S.C. § 1319(b) and (d), and Sections 307 and 315 of The Clean Streams Law, 35 P.S. §§ 691.307 and 691.315, for discharges in excess of effluent limitations contained in NPDES permits held by the Affiliates.

41. Defendants' violations also constitute nuisances under Section 307(c) of The Clean Streams Law, 35 P.S. § 691.307(c).

42. Unless enjoined, Defendants' violations will continue.

43. Pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b) and 35 P.S. § 691.601, Defendants are liable for permanent injunctive relief for all violations.

44. Pursuant to Section 309(d) of the Clean Water Act, 33 U.S.C. § 1319(d), Defendants are liable for civil penalties of up to $32,500 per day of violation for all violations occurring between May 17, 2008 and January 12, 2009, and up to $37,500 per day of violation for all violations occurring after January 12, 2009.

45. Under Section 605 of The Clean Streams Law, 35 P.S. § 691.605, Defendants are liable for civil penalties up to $10,000 per day for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the Pennsylvania Department of Environmental Protection, respectfully pray that this Court:

1. Permanently enjoin Defendants from discharging pollutants except as expressly authorized by the Clean Water Act, The Clean Streams Law, and the limitations and conditions of applicable NPDES permits.

2. Order Defendants to take all necessary steps to comply with the Clean Water Act, The Clean Streams Law, and the limitations and conditions of the applicable NPDES permits.

3. Assess civil penalties against Defendants up to $32,500 per day for each violation of the Clean Water Act or any applicable NPDES permit that occurred between March 15, 2004 and January 12, 2009, and up to $37,500 per day for each violation of the Clean Water Act or any applicable NPDES permit that occurred after January 12, 2009.

4. Assess civil penalties against Defendants up to $10,000 per day for each violation under Section 605 of The Clean Streams Law, 35 P.S. § 691.605.

5. Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

*[signature]*

STACY D. COLEMAN, Bar No. DC 994961
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
999 18th Street, Suite 370, South Terrace
Denver, CO 80202
Tel: 303-844-7240
Fax: 303-844-1350
Email: Stacy.Coleman@usdoj.gov

LAURA A. THOMS, Bar No. DC 488784
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Tel: 202-305-0260
Fax: 202-616-6583
Email: Laura.Thoms@usdoj.gov

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

DAVID J. HICKTON
United States Attorney, Western District of Pennsylvania


s/Paul E. Skirtich
PAUL SKIRTICH, Bar No. 30440
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Tel: 412-894-7418
Fax: 412-644-6995
Email: paul.skirtich@usdoj.gov

Respectfully submitted,

FOR THE COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION

*Mary Martha Truschel*
MARY MARTHA TRUSCHEL
Assistant Counsel
PA Supreme Court ID No. 47838
Office of the Chief Counsel
400 Waterfront Drive
Pittsburgh, PA 15222-4745
Tel: 412-442-4262
Fax: 412-442-4267
Email: mtruschel@pa.gov